IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HESS FENCE & SUPPLY CO., INC., | : : : : : : : : : : : : | Civil Action No. 4: 04-CV-2648 (Judge McClure) |
| Plaintiff | | |
| v. | | |
| UNITED STATES FIDELITY & GUARANTY CO., | | |
| Defendant | | |

**O R D E R**

July 6, 2005

**BACKGROUND:**

On December 8, 2004, Hess Fence & Supply Co., Inc. ("Hess"), a corporation organized under the laws of West Virginia and having its principal place of business in West Virginia, filed its complaint for damages against United States Fidelity & Guaranty Co. ("USF&G"), a surety organized and established under the laws of Maryland and having its principal place of business in Maryland. The complaint arises out of a payment bond that USF&G entered into with Lycoming Supply Inc. of Williamsport, Pennsylvania. Hess seeks relief pursuant to Pennsylvania's Public Works Contractors' Bond Law of 1967, 8 Pa. C.S.A. § 191

1

et seq. The payment bond was for work to be performed by Lycoming Supply within the Middle District of Pennsylvania, and on behalf of the Department of Conservation and Natural Resources of the Commonwealth of Pennsylvania. The bond was to ensure money payment to third parties with whom Lycoming Supply contracted to perform said work.

On May 9, 2005, USF&G filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is now fully briefed and ripe for our decision. For the following reasons we will grant the motion in part.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint

2

should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II.  Statement of Relevant Facts

On or about March 20, 2003, plaintiff entered into a subcontract with Lycoming Supply. Hess was to perform construction work as a subcontractor on the Pine Creek Rail-Trail on behalf of the Department of Conservation and Natural Resources of the Commonwealth of Pennsylvania.

Lycoming Supply, as a condition for being awarded the bid for construction on the Pine Creek Rail-Trial, was required to submit to the owner a payment and

performance bond to assure that it would perform the construction contract and to ensure that Lycoming Supply's subcontractors and material suppliers performing work or supplying materials would be paid. (Rec. Doc. No. 1, Ex. A.)

Hess asserts that its subcontract is valued at $175,290.00. Hess avers that it has performed work in accordance with the subcontract, but is still owed a balance of $125,290.00. Hess avers that it has not been paid in full for a period in excess of ninety (90) days after the date on which it performed the last work (or provided materials) for which such payment is due and owing. In the complaint's <u>ad damnum</u> clause Hess requests: "that the Court enter judgment against Defendant USF&G on the claim on the Payment Bond made by Hess herein, and all other forms of damages, interest and attorney's fees, as well as any penalties and interest available to Hess under any applicable statute, contract, rule or other source of legal right." (Rec. Doc. No. 1, at 4.)

## **Bond Language**

The bond that USF&G entered into with Lycoming Supply in relevant part stated:

> NOW, THEREFORE, the joint and several conditions of these Contract Bonds are such:
>
> . . . .

> B. That if the above bounden Principal shall and will promptly pay or cause to be paid sums of money which may be due by the Principal or any of his sub-contractors to any individual, firm, partnership, association or corporation for all material furnished and labor supplied or performed in prosecution of the contract work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated, and for rental of equipment used and services rendered by public utilities in, or in connection with, the prosecution of such work, then this part of this obligation shall be void; otherwise it shall be and remain in full force and effect.
>
> . . . .
>
> The Principal and Surety hereby jointly and severally agree with the COMMONWEALTH that every individual, firm, partnership, association or corporation who, whether as sub-contractor or otherwise, has furnished material or supplied or performed labor or rented equipment in prosecution of the work as above provided and any public utility which has rendered services in, or in connection with, the prosecution of such work, and who has not been paid therefor, may sue in assumpsit on the bond obligation set forth in Paragraph "B" hereof, in his, their, or its name for his, their or its use and prosecute the same to final judgment for such sum or sums as may be jointly due him, them or it and have execution thereon; provided, however, that the COMMONWEALTH shall not be liable for payment of any costs or expenses of such suit.

(Rec. Doc. No. 1, Ex., CB2-3.)

### III.  USF&G's Motion to Dismiss

USF&G, in its motion to dismiss, takes issue with the relief Hess requests and asserts that USF&G is entitled to the dismissal of Hess' s claim to the extent that it seeks relief in excess of the alleged contract balance.  Hess's brief in opposition implicitly concedes USF&G's argument for dismissal of Hess's request for attorney's fees and penalties, and focuses its argument on persuading us to leave intact Hess's request for interest, which Hess clarifies is for both pre-judgment and post-judgment interest.[1]  The parties' current dispute requires us to delineate if and when pre-judgment interest is available to a creditor suing a surety under Pennsylvania law.  A federal court with diversity jurisdiction over a state claim must apply the substantive law of that state as set forth by the state's highest court, and "may not impose its view of what the state law should be."  Carrasquilla v. Mazda Motor Corp., 197 F. Supp. 2d 169, 172 (M.D. Pa. 2002) (quoting Walsh v. Strenz, 63 F. Supp. 2d 548, 551 (M.D. Pa. 1999) (citations omitted)) (McClure, J.).

---

[1] In a footnote, Hess has alternatively requested leave, should we deem it necessary, to amend its complaint to clarify its request for both pre-judgment and post-judgment interest.  (Rec. Doc. No. 6, at 5 n.2.)   Such clarification is unnecessary:   post-judgment interest is mandated by statute.  See 28 U.S.C. § 1961(a).

Defendant relies heavily on a series of federal court decisions interpreting sureties' obligations under Pennsylvania law. We agree that under Pennsylvania law a surety's obligation to a creditor is limited by the language of the bond. Ragan v. Tri-County Excavating, 62 F.3d 501, 513 (3d Cir. 1995) (citing Reliance Universal, Inc. v. Ernest Renda Contracting Co., Inc., 454 A.2d 39, 45 (Pa.Super.Ct. 1982)). The Third Circuit in Ragan, was interpreting a bond that provided the surety could be sued for "such sum or sums as may be justly due the claimant." Id. at 513. However, the Ragan court's discussion only addressed whether the surety was obligated to pay attorney's fees and liquidated damages in the absence of a specific bond provision to the contrary, and not interest. See id. In R.W. Sidley, Inc. v. United States Fidelity & Guaranty Co., the Western District of Pennsylvania, while interpreting a bond that also included the language "such sum or sums as may be justly due him," found that because the bond was silent as to interest payments the court could not impute an intent to cover such payments; i.e., interest payments which the contractor had independently agreed to provide to the plaintiff. 319 F. Supp. 2d 554, 559 (W.D. Pa. 2004). In R.W. Sidley, the court used the terms "finance charges" and interest interchangeably in its analysis of the bond language "sums justly due." Id. We are not persuaded by the Sidley court, particularly since the court did not address or reconcile its reasoning with the Pennsylvania

decisions we address in the following paragraph.[2]

Plaintiff has directed the court to two state appellate decisions that distinguish pre-judgment interest from other forms of additional relief, Romand Mosaic & Tile Co. v. Thomas P. Carney, Inc., 729 A.2d 73 (Pa.Super.Ct. 1999) and J.C. Snavely & Sons, Inc. v. WEB M&E Inc., 594 A.2d 333 (Pa.Super.Ct. 1991).  In both cases the Pennsylvania Superior Court cited to the Pennsylvania Supreme Court's decision in Fort Pitt Bridge Works v. Continental Casualty Ins. Co., 240 A.2d 493 (Pa. 1968) for the proposition that pre-judgment interest may be recovered from a surety in the absence of explicit language in the bond, as included within the language "sum justly due" in the bond.  In relevant part, the Pennsylvania Supreme Court in Fort Pitt stated:

> The fact that the bond does not specifically refer to interest is not controlling; what is controlling is that the surety has expressly agreed to make good the 'sum justly due' by the defaulting principal.
> If the surety had wished to curtail the amount of interest which would accrue without the surety's

---

[2]The Sidley court cited to J.C. Snavely & Sons, Inc. v. WEB M&E Inc., 594 A.2d 333 (Pa.Super.Ct. 1991), but as part of a string citation addressing the issue of recovering attorney fees and finance charges from sureties under Pennsylvania law.  319 F. Supp. 2d at 559.  The Sidley court did not address the footnote in Snavely where the court, citing Fort Pitt Bridge Works v. Continental Casualty Ins. Co., 240 A.2d 493 (Pa. 1968), stated that a "surety bond claimant is entitled to interest on his claim, notwithstanding absence in the bond of any language providing for the recoupment of interest."  Snavely, 594 A.2d at 336 n.2.

>knowledge, the surety could easily have inserted the requirement of notice of the principal's default [in the] bond.

Fort Pitt Bridge Works, 240 A.2d at 494-95.

We must think that in Ragan, the Third Circuit was aware of this distinction made for pre-judgment interest, as in the same sentence in which the court stated that Pennsylvania law "limits a surety's obligations to those detailed in the bond itself," the court cited to Snavely. Ragan, 62 F.3d at 513. Defendant notes that the language of the bonds in Roman Mosaic, Snavely, and Fort Pitt Bridge Works differs from the instant bond, which states that a creditor may sue for the "sums as may be jointly due him." However, we find that there is no material distinction between "jointly due" and "justly due." In short, at this time we find no basis for precluding plaintiff from pursuing pre-judgment interest as a matter of Pennsylvania law.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    USF&G's motion to dismiss is granted in part. (Rec. Doc. No. 3.)

    2.    Hess cannot recover attorney's fees, finance charges, penalty charges or any other additional charges beyond those detailed in the bond. At

this time, however, this does not preclude Hess from continuing to pursue a claim for pre-judgment interest.


      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge