IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HESS FENCE & SUPPLY  :
CO., INC.,  :
 :       Civil Action No. 4: 04-CV-2648
Plaintiff  :
 :
v.  :
 :       (Judge McClure)
UNITED STATES FIDELITY &  :
GUARANTY CO.,  :
 :
Defendant  :

**M E M O R A N D U M**

October 12, 2006

FILED
WILLIAMSPORT, PA

OCT 1 2 2006

MARY E. D'ANDREA, CLERK
PER _____
                    DEPUTY CLERK

**BACKGROUND:**

On December 8, 2004, Hess Fence & Supply Co., Inc. ("Hess"), a

corporation organized under the laws of West Virginia and having its principal

place of business in West Virginia, filed its complaint for damages against United

States Fidelity & Guaranty Co.  ("USF&G"), a surety organized under the laws of

Maryland and having its principal place of business in Maryland.  The complaint

arises out of a payment bond that USF&G entered into with Lycoming Supply Inc.

of Williamsport, Pennsylvania.  Hess seeks relief pursuant to Pennsylvania's

Public Works Contractors' Bond Law of 1967,  8 Pa. C.S.A. § 191 et seq.  The

1

payment bond was for work to be performed by Lycoming Supply within the Middle District of Pennsylvania, and on behalf of the Pennsylvania Department of Conservation and Natural Resources ("DCNR"). The bond was to ensure money payment to third parties with whom Lycoming Supply contracted to perform said work.

On July 29, 2005, the court issued a case management order requiring all discovery to be completed by January 17, 2006. (Rec. Doc. No. 14, ¶ 6.) Both parties agreed to produce their files without formal discovery requests. On March 3, 2006, the court issued an order requiring each party to identify all exhibits it intends to offer at trial at the attorney's conference.[1] (Rec. Doc. No. 22, ¶ 4.) That attorney's conference was held on March 22, 2006.

On various dates between March 27, 2006 and May 22, 2006, USF&G provided to Hess copies of nine different documents that it planned on using at trial. (Pl.'s Br., Rec. Doc. No. 37, at 2.) These include (1) a newspaper article produced on March 27, 2006 (D-51); (2) a video produced on March 27, 2006 (D-53); (3) weather reports produced March 27, 2006 (D-54); (4) project plans and

---

[1] This court order was in accordance with LR 16.3(b), which requires an attorney's conference ten days prior to the final pretrial conference. The rule also requires each party to produce all exhibits which it intends to use at trial at the attorney's conference. Id.

drawings produced on March 27, 2006 (D-55); (5) time sheets produced on March 27, 2006 (D-56); (6) a copy of a cancelled check produced on April 13, 2006 (D-58); (7) labor and material cost breakdown produced on May 22, 2006 (D-60); (8) updated time sheets produced on May 22, 2006 (D-61); and (9) receipts for materials produced on May 22, 2006 (D-62).  (Id.)

On July 19, 2006, Hess filed a motion in limine and supporting brief to exclude the above mentioned documents from use at trial.  (Rec. Doc. No. 36.) Opposing and reply briefs have been filed.  On September 12, 2006, USF&G filed a motion to supplement its trial exhibit list.  (Rec. Doc. No. 45.)  On September 15, 2006, USF&G filed a motion for leave to file surreply in order to respond to Hess's reply brief in support of its motion in limine.  (Rec. Doc. No. 47.)  Hess has opposed each of these motions.

In its motion in limine, Hess argues that these documents should be excluded from use at trial under Rule 37(c)(1) of the Federal Rules of Civil Procedure because they were produced beyond the discovery deadline in violation of Rule 26.  ((Pl.'s Br., Rec. Doc. No. 37, at 2.)  USF&G, on the other hand, offers two arguments against their exclusion.  First, it argues that it did not violate Rule 26 by producing these documents beyond the discovery deadline.  (Def.'s Br., Rec. Doc. No. 43-1, at 8.)  Second, it argues that even if it did violate Rule 26, the

3

documents should not be excluded because Hess suffered no harm from the late production. (Id.)

For the following reasons, the court will grant USF&G's motion for leave to file surreply and its motion to supplement trial exhibit list, and deny Hess's motion in limine.

## DISCUSSION:

### I.   USF&G's Motion for Leave to File Surreply

USF&G has filed a motion for leave to file surreply. (Rec. Doc. No. 47.)  In its supporting brief,  USF&G argues that Hess has raised new arguments in its reply brief in support of its motion in limine, and surreply is necessary to respond to these new arguments. (Id.)  Hess has opposed USF&G's motion for leave to file a surreply. (Rec. Doc. No. 49.)  In particular, Hess argues it did not raise any new allegations in its reply brief. (Id.)

Looking at Hess's reply brief in support of its motion in limine, it appears that this is the first time that Hess has argued that it never conceded that payment had been made.  It is also the first time that it argues that USF&G had full access to Lycoming Supply's files.

It is fully within the discretion of the court to grant leave to file a surreply.

Here, it appears that USF&G is only attempting to respond to new arguments in Hess's reply brief. This brief will only help the court more fairly decide Hess's motion in limine. We will therefore grant USF&G's motion for leave to file surreply.[2]

## II. Hess's Motion In Limine

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who fails to disclose information required by Rule 26(a) or 26(e)(1) shall not be permitted to use such evidence at trial unless either a substantial justification exists or such failure is harmless. It is clear that the purpose of this rule is to provide a mechanism by which the discovery obligations of Rule 26 can be enforced. Advisory Committee's Notes on 1970 Amendments to Fed. R Civ. P. 37. Although the language of the rule is mandatory, the rule leaves discretion to the court to determine if either a substantial justification or harmlessness exists. Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995).

Rule 26(a) of the Federal Rules of Civil Procedure deals with required

---

[2]It should be noted that USF&G optimistically included a copy of its surreply as an attachment to its motion for leave to file surreply. The court has taken the surreply into consideration prior to its determination of Hess's Motion in Limine.

disclosures.  There are three types of required disclosures under Rule 26(a).  Rule 26(a)(1) pertains to initial disclosures, 26(a)(2) to expert disclosures, and 26(a)(3) to pretrial disclosures.  Additionally, Rule 26(e)(1) requires supplementation of these disclosures if new information is obtained.

The first issue before the court is whether USF&G violated the court's July 29, 2005 order requiring all discovery to be completed by January 17, 2006.  (Rec. Doc. No. 14, ¶ 6.)  Each document in question was produced beyond that deadline.  Still, the court finds that the production of each document was in accordance with Rule 26(e)(1), which requires supplementation of disclosures made under Rule 26(a) if new information is obtained.  In the present case, each document in question was either in the hands of a third-party and not received until after the deadline, not in existence at the time of the deadline, or any possible relevance of the document had not arisen at the time of the deadline.  More simply put, USF&G had no ability or reason to disclose each document prior to the deadline.  When the ability or reason to disclose each document arose, it was promptly done in accordance with Rule 26(e)(1).  A closer look at the documents in question will show this more clearly.

D-51 is a newspaper article regarding a fire.  USF&G's need to prove the fire arose late in the discovery phase.  After this need arose, USF&G immediately

requested the document from a third-party. Although not received until after the discovery deadline, USF&G promptly turned it over to Hess. In any event, newspaper articles are readily available to any party without discovery.

D 53 is a video whose existence USF&G did not become aware of until after the discovery deadline. When discovered, USF&G promptly turned it over to Hess.

D-54 is a series of weather reports. According to USF&G, weather only became an issue in this case after Hess turned in responses to USF&G's interrogatories, which occurred after the discovery deadline. When it did became an issue, USF&G promptly disclosed the document to Hess.

D-55 is a document produced by a third-party DCNR in response to a subpoena. It was not produced until after the discovery deadline. When finally received, USF&G promptly turned it over to Hess.

D-56 is a document produced by third-party Lycoming Supply. USF&G argues it was not produced by Lycoming Supply in response to the original subpoena. As soon as USF&G realized it was missing, it promptly requested the document from Lycoming Supply. As soon as it was received, USF&G promptly turned it over to Hess. Hess argues that USF&G had full access to Lycoming Supply's files and therefore should have noticed the missing document, but the

court does not find this argument persuasive. There is no evidence of bad faith on the part of USF&G. To the contrary, it appears that USF&G immediately contacted Lycoming Supply upon the realization that this document was missing from Lycoming Supply's production.

D-58 is a cancelled check to prove that a certain payment had been made. USF&G alleges payment only became an issue after the discovery deadline, when Hess stated at the attorney's conference that it would not concede that payment had been made. As soon as it became an issue, USF&G told Hess that it would be provided proof of payment and it did so promptly. Hess argues it never stated a position on payment. Again, the court finds Hess's argument unpersuasive. Hess did not act unreasonably or in bad faith by assuming that payment had been conceded. As soon as USF&G realized that payment had not been conceded, it immediately put Hess on notice that it would be producing this document and then did so shortly thereafter.

Finally, D-50, D-61, and D-62 are all documents pertaining to the final costs of a project that was not completed until after the discovery deadline. As such, they did not exist until after the deadline. When they came into existence, they were promptly disclosed to Hess.

Thus, it is clear to the court that USF&G did not violate the court order

8

requiring discovery to be completed by January 17, 2006 when it produced the documents in question beyond that date.

The next issue the court must consider is whether USF&G violated Rule 26(a)(3)© of the Federal Rules of Civil Procedure.  Rule 26(a)(3)© requires the identification of each document the party expects to offer at trial.  This identification must be done at least thirty days prior to trial unless the court sets a different date.  Id.  The court set a deadline for pretrial disclosure of exhibits in an order dated March 3, 2006, which specifically stated that all exhibits that a party intends to offer at trial be disclosed at the attorney's conference held pursuant to LR 16.3(b).  (Rec. Doc. No. 22, ¶ 4.)  That attorney's conference was held on March 22, 2006.

It appears that USF&G actually produced D-51, D-53, D-54, D-55, and D-56 at the attorney's conference and allowed Hess to inspect them.  USF&G then provided copies to Hess four days after the conference.  The court is satisfied that this is sufficient to satisfy Rule 26(a)(3)©.  Rule 26(a)(3)© speaks to "identification" of documents a "party expects to offer" at trial.  This appears to be exactly what occurred.  Thus, the court is satisfied that no violation occurred and the motion in limine is denied as to these five documents.

D-58 is a cancelled check to prove a certain payment had been made.  As

already stated, USF&G alleges payment only became an issue at the attorney's

conference, when Hess stated it would not concede that payment had been made.

(Def's Br. in Opp'n, Rec. Doc. No. 43-1, at 11.)  Hess, on the other hand, argues it

had never stated a position on whether payment had been received.  (Pl.'s Reply

Br., Rec. Doc. No. 44, at 3-4.)  Rule 26(a)(3)© requires disclosure of documents a

party "expects to offer."  At the time the attorney's conference began, it does not

appear that USF&G expected to offer D-58.  Furthermore, as soon as Hess

mentioned the question of payment at the attorney's conference, USF&G

immediately stated that it would provide proof of payment.  (Def's Br. in Opp'n,

Rec. Doc. No. 43-1, at 11.)  Therefore, Hess was clearly on notice that USF&G

would be providing proof of payment as soon as possible, and USF&G did so in

less than two weeks.  Thus, the court is again satisfied that no violation occurred

and the motion in limine is denied as to D-58.

Finally, D-60, D-61, and D-62 are all documents pertaining to the final costs

of a project that were not completed until after the  attorney's conference.

Therefore, they did not exist until after the attorney's conference and there was no

ability to produce them for inspection.  Still, Hess was on notice that this project

was nearing completion and the documents would be produced as soon as

available.  The court finds that no violation occurred and the motion in limine is

denied as to these three documents.

The court would also like to note that the only reason the attorney's conference was held on March 22, 2006, was because at that time, the final pretrial conference was scheduled for April 10, 2006. Yet, due to several continuances, the final pretrial conference did not actually occur until July 7, 2006. LR 16.3(b) requires the attorney's conference to be held at least ten days prior to the final pretrial conference. While a maximum time span between the attorney's conference and the final pretrial conference is not stated by the rule, it clearly contemplates some level of proximity between those two meetings in order for the parties to effectively discuss the matters the rule desires. Here, the two meetings were held over three months apart. In reality, Hess[3] should have scheduled another attorney's conference much closer to the July 7, 2006 final pretrial conference. If that had occurred, there would have been little question as to whether USF&G complied with Rule 26(a)(3)©, because USF&G provided copies of all the documents in question by May 22, 2006.

Even if Hess was able to persuade the court that a violation of Rule 26(a) had in fact occurred (which it cannot), Rule 37(c)(1) only requires exclusion if the

---

[3] LR 16.3(b) states that "it shall be the duty of the <u>plaintiff</u> to take the initiative in holding [the attorney's conference]." (emphasis added).

failure to disclose was not harmless.  The Third Circuit has noted four factors as

helpful in deciding what is harmless under Rule 37(c)(1): (1) prejudice or surprise

to party against whom evidence is offered; (2) ability of party to cure prejudice;

(3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not

complying with the disclosure rules.  Newman, 60 F.3d at 156 (citing Bronk v.

Ineichen, 54 F.3d 425, 432 (7th Cir.1995)).

 All of the documents that Hess seeks to exclude were produced between

March 27, 2006 and May 22, 2006.  Trial is set to begin on December 13, 2006.

At the time of trial, Hess will have been in possession of each of these documents

for almost seven months.  It can hardly argue surprise or lack of time to digest the

contents of these documents.  There also does not appear to be any evidence of

bad faith by USF&G.  Rule 37(c)(1) is a mechanism to enforce the discovery

obligations of Rule 26.  Advisory Committee's Notes on 1970 Amendments to

Fed. R. Civ. P. 37.  The rule is clearly aimed at deterring a party from holding on

to information that should be disclosed in order to gain an unfair advantage.  In the

present case, there is no evidence that USF&G was acting in bad faith.  To the

contrary, USF&G appears to have produced each document as quickly as it

possibly could.  Thus, the disclosure was harmless.

### III.   USF&G's Motion to Supplement Its Trial Exhibit List

During the course of discovery, Hess served a subpoena on third-party

DCNR.  On August 16, 2006, DCNR notified USF&G that it had discovered

several documents in a trailer during the wind-up of the project that appeared to be

responsive to Hess's subpoena.  On August 22, 2006, DCNR then made a

supplemental production of these documents to both parties in the case.  Included

in this supplementation production was the Daily Diary of the project inspector.

USF&G has filed a motion to add the Daily Diary to its trial exhibit list.

(Rec. Doc. No. 45-1.)  In particular, it argues that the Daily Diary was just recently

discovered by a third-party, is relevant, and its relevance is not substantially

outweighed by the danger of unfair prejudice.  (Def's Br., Rec. Doc. No. 46-1, at

5.)  Hess, on the other hand, opposes USF&G's motion.  (Pl.'s Opp'n, Rec. Doc.

No. 51.)  In particular, it argues that this supplementation violates LR 16.3 and

that it would be prejudiced if USF&G was allowed to supplement.  (Id. at 1-2.)

LR 16.3(b) provides in pertinent part:  "At the [attorney's] conference all

exhibits which any party intends to introduce at trial whether on the case in chief

or in rebuttal shall be examined, numbered, and listed.  Only exhibits so listed

shall be offered in evidence at the trial, except for good cause shown."  The court

finds that the late discovery by third-party DCNR qualifies as "good cause" why it

was not listed at the attorney's conference.  Furthermore, the court finds that no

prejudice exists.  DCNR produced this document for Hess on August 22, 2006.

Trial is set to begin on December 13, 2006.  This is more than enough time to

review and investigate the document's contents.  We will therefore grant

USF&G's motion to supplement its trial exhibit list.


**CONCLUSION:**

The court will grant USF&G's motion for leave to file surreply because it

allows USF&G an opportunity to respond to new arguments in Hess's reply brief

in support of its motion in limine.  The court will deny Hess's motion in limine

because no violation of Fed. R. Civ. P. 26(a) or 26(e)(1) occurred.  Finally, the

court will grant USF&G's motion to supplement its trial exhibit list because it was

just recently discovered by a third-party and there is no prejudice to Hess.


s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HESS FENCE & SUPPLY          :
CO., INC.,                   :
                             :        Civil Action No. 4: 04-CV-2648
                  Plaintiff  :
                             :
        v.                   :
                             :        (Judge McClure)
UNITED STATES FIDELITY &     :
GUARANTY CO.,                :
                             :
                  Defendant  :

ORDER

October 12, 2006

FILED
WILLIAMSPORT, PA

OCT 1 2 2006

MARY E. D'ANDREA, CLERK
PER _____
              DEPUTY CLERK

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1.     Defendant's motion for leave to file surreply is GRANTED (Rec.

Doc. No. 47).

2.     The clerk is directed to docket separately the surreply brief attached

to defendant's motion for leave to file surreply.

3.     Plaintiff's motion in limine is DENIED (Rec. Doc. No. 36).

1

4.     Defendant's motion to supplement its trial exhibit list is GRANTED

(Rec. Doc. No. 45).

                              /s/ James F. McClure, Jr.
                              James F. McClure, Jr.
                              United States District Judge